IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN J., INC., for itself and for the use of DAVID FENTON,** | : | **CIVIL ACTION NO. 1:14-CV-0474** |
| | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **LANDMARK AMERICAN INSURANCE COMPANY and ENGLE MARTIN AND ASSOCIATES,** | : | |
| | : | |
| | : | |
| | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 18th day of September, 2014, upon consideration of the report (Doc. 31) of Chief Magistrate Judge Martin C. Carlson, recommending the court grant the motion (Doc. 24) to dismiss filed by defendant Engle Martin and Associates ("Engle Martin"), wherein Judge Carlson concludes that plaintiff's amended complaint (Doc. 18) fails to state a claim for tortious interference with a contractual relationship against Engle Martin because plaintiff has neither alleged "purposeful action" nor "the absence of privilege or justificatioin" as required by Pennsylvania law, (see Doc. 31 at 7-11), and, following an independent review of the record, the court being in full agreement with the Magistrate Judge that, without more, an insured party cannot bring a claim for tortious interference against an adjuster retained by his insurer solely by virtue of the adjuster's denial of his claim,

and noting that plaintiff filed objections[1] (Doc. 12) to the report on August 21, 2014, and that Engle Martin filed a response (Docs. 13-14) to the objections on August 27, 2014, and the court finding plaintiff's objections to be without merit and squarely addressed by Judge Carlson's report, it is hereby ORDERED that:

1. The report (Doc. 31) of Chief Magistrate Judge Carlson is ADOPTED.

2. Count II of plaintiff's amended complaint (Doc. 18) is DISMISSED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When a party objects to a magistrate judge's report and recommendation, the district court performs a *de novo* review of the contested portions of the report. See Behar v. Pa. Dep't of Trans., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). In this regard, Local Rule of Court 72.3 requires written objections to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections." LOCAL RULE OF COURT 72.3; also Behar, 791 F. Supp. 2d at 389 (citing Shields v. Astrue, Civ. No. 07-417, 2008 U.S. Dist. LEXIS 74519, at *6 (M.D. Pa. Sept. 8, 2008)). In its objections, plaintiff does not address with particularity any perceived error in Judge Carlson's report, but instead asserts, in conclusory fashion, that plaintiff is "clearly" entitled to relief. (See Doc. 32 at 4). Plaintiff simultaneously lodges derisive and incendiary remarks at defendant Engle Martin. (See id. at 3-4). Despite this noncompliance with Local Rule 72.3, the court has conducted a *de novo* review of the Magistrate Judge's report.